IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROMAN VLADIMIROVICH, SERPIK, ) ) )| |
| Plaintiff, ) ) ) | |
| v. ) ) ) | Case No. CIV-23-1093-R |
| SHERIFF DEREK MANNING, et al., ) ) ) ) | |
| Defendants. ) | |

## ORDER

Before the Court is the Report and Recommendation [Doc. 36] of United States Magistrate Judge Suzanne Mitchell recommending partial dismissal of Plaintiff Roman Serpik's 42 U.S.C. § 1983 action [Doc. 23] due to application of the *Younger* abstention doctrine, the lack of a present or immediate harm to warrant injunctive relief, and the improper naming of parties that either cannot be sued for money damages in their official capacities, or cannot be sued at all. Mr. Serpik has timely filed his Objections [Doc. 37], and the Court must therefore conduct a *de novo* review to those portions of the Report to which a specific objection is made. The Court ADOPTS the Report and Recommendation in its entirety and partially DISMISSES Mr. Serpik's Amended Complaint [Doc. 23].

Mr. Serpik's objections can be sorted into four categories: (1) factual objections based on Judge Mitchell's interpretation of the Amended Complaint; (2) objections to Judge Mitchell's findings regarding the false arrest claims; (3) objections to both the factual

1

and legal findings regarding the request for injunctive relief; and (4) objections regarding money damages and the classification of the defendants. Each category is reviewed below.

1. **Factual Objections Based on the Interpretation of the Amended Complaint (Objections A-D).**

The first category of objections includes an objection to the consideration of only Mr. Serpik's § 1983 claims (Objection A), an objection to the finding that Mr. Serpik is seeking relief against a governmental entity (Objection B), and objections to the interpretation of the Amended Complaint that allegedly consolidated two separate false arrest claims (Objection C) as well as two separate requests for injunctive relief (Objection D). Giving Mr. Serpik's Amended Complaint the "permissive interpretation" afforded to *pro se* prisoner complaints, *Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990), the Court agrees with Judge Mitchell's findings.

First, Judge Mitchell recommends only partial dismissal of the Amended Complaint and did not terminate her referral, signaling that some of Mr. Serpik's claims beyond his § 1983 claims survived the screening process. Thus, Objection A is meritless.

Second, Beckham County Jail, its employees, as well as Judge Weedon and Defendant Marsee are plainly government entities. The Court is not persuaded by Mr. Serpik's argument, and notes that mere possession of a DUNS number does not transform Beckham County, its jail, or its employees into a non-governmental entity.

Finally, for Objection C, it is not clear from the face of the Amended Complaint that Mr. Serpik is asserting two separate false arrest claims. Regardless, the Court does not find the distinction to be material to the disposition of the claims (as set out more fully below),

and the potential for prejudice raised by Mr. Serpik in his objections (though not specified) is not seen by the Court. The same is true for Mr. Serpik's objection to Judge Mitchell's interpretation of his request for injunctive relief (Objection D), as explained when analyzing Objections H and I.

### 2. Objections Regarding False Arrest (Objections E-G)

Moving to the objections based on the false arrest claims, Mr. Serpik does not substantively object to Judge Mitchell's recommendation of abstention under *Younger*.[1] The three requirements for abstention under the *Younger* doctrine are

> "(1) …an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."

*Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (internal citations omitted). Here, because there is an ongoing state criminal proceeding in the form of Mr. Serpik's appeal before the OCCA, that court is an adequate forum, and a criminal action is an important state interest, the Court agrees with Judge Mitchell that abstention under the *Younger* doctrine is mandatory in this case. Further, because the Court abstains from hearing the false arrest claims, and Objections F and G were to an alternative finding if the Court were to not abstain, both are moot.

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971)

### 3. Objections Regarding Request for Injunctive Relief (Objections H-I)

The primary substantive objection presented by Mr. Serpik involves his claim for a preliminary injunction related to his treatment while imprisoned at the Beckham County Jail. Judge Mitchell recommends the claim for injunctive relief be dismissed because Mr. Serpik is no longer incarcerated in the Jail. Mr. Serpik objects to this finding and contends that, contrary to Judge Mitchell's conclusion, he is out on bond and may be reincarcerated. However, even assuming that to be the case, this does not affect the viability of his present request.

> "To obtain a preliminary injunction, the movants must show that
>
> '(1) [they are] substantially likely to succeed on the merits; (2) [they] will suffer irreparable injury if the injunction is denied; (3) the…threatened injury [to them] outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction [is] not…adverse to the public interest.'"

*Schwab v. Kansas*, 691 Fed.Appx. 511, 514 (10th Cir. 2017) (citing *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016)). "'Where a plaintiff seeks an injunction, his susceptibility to *continuing* injury is of particular importance—'[p]ast exposure to illegal conduct does not in itself show a present case or controversy for injunctive relief…if unaccompanied by any continuing, present adverse effects.'" *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) (internal citations omitted) (emphasis in original).

Mr. Serpik filed his Amended Complaint using a *pro se* prisoner form, showing that he was actively incarcerated when he filed the Amended Complaint. Thus, at the time the claim was brought, there was potentially a live need for injunctive relief—that is, a present injury or adverse effects from his alleged treatment while incarcerated. However, that need

ceased when Mr. Serpik was released on bond. While released, there is no present risk that he will be deprived of church, a fruit diet, medical treatment, or access to the law library, nor is there a continuing risk of such alleged deprivation. If he is reincarcerated and faces the same treatment he alleges in his Amended Complaint, then the need may be revived, and an injunction may be appropriate. Until then, there is no active or immediate harm, and thus no showing of irreparable injury. Accordingly, the Court finds that the denial of the injunction was proper.

Additionally, Mr. Serpik objects to the combining of two separate requests for an order to show cause. However, as Judge Mitchell outlines, the requested relief for each is not appropriate. The requests both ask this Court to compel Beckham County officials to show cause for actions seemingly performed while acting in their roles as local government officials. Judge Mitchell correctly noted that the requested relief for each is effectively a writ of mandamus.[2] While this Court has the authority to issue a writ to compel officers and employees of the United States to perform an owed duty, "[f]ederal courts are without jurisdiction to grant a writ of mandamus against state and local officials." *Sockey v. Gray*, 159 Fed.Appx. 821, 822 (10th Cir. 2005). As such, the Court finds Judge Mitchell's conclusion as to each request to be correct.

---

[2] *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1234 (10th Cir. 2005) ("Mandamus is the traditional writ designed to compel government officers to perform nondiscretionary duties").

## 4. Objections Regarding Money Damages and Classification of Defendants (Objections J-K)

Mr. Serpik next contends that Judge Mitchell erroneously found that all defendants are sued in their individual and official capacity. The face of the Complaint shows that the defendants are sued in both capacities [Doc. 23, p. 3, at ¶ 4, pp 27-28], and thus the objection is meritless. Moreover, the Court agrees with Judge Mitchell's conclusion that money damages against defendants in their official capacity are improper under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("However, neither a state nor its officials acting in their official capacity are 'persons' under § 1983"). Accordingly, the claims for money damages against defendants in their official capacity should be dismissed, while the claims for money damages against defendants in their individual capacities may continue.

Finally, Mr. Serpik's objection to Judge Mitchell's classification of Beckham County Jail as a "non-corporate entity" is not persuasive. County jails are "a subdivision of the county in which it is located and [have] no separate legal identity under Oklahoma law…" *Ames v. Banther*, No. CIV-11-1049-C, 2012 WL 4760470, at *1 (W.D. Okla. Sep. 11, 2012); *report and recommendation adopted*, *Ames v. Banther*, No. CIV-11-1049-C, 2012 WL 4759371 (W.D. Okla. Oct. 5, 2012). The capacity for parties that are not individuals or corporations to be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Under Oklahoma law, counties may only be sued by naming the board of county commissioners as the defendant. Okla. Stat. tit. 19 § 4. Thus, Judge Mitchell's determination that Beckham County Jail is not a suable entity was correct.

## **CONCLUSION**

As set out above, the Report and Recommendation is adopted, and the following claims are dismissed:

- All false arrest claims;
- All claims for injunctive relief;
- All remaining claims for money damages against official-capacity defendants; and
- All claims against Beckham County Jail.

Mr. Serpik may seek leave of the Court to amend his Complaint pursuant to Fed. R. Civ. P. 15. This action remains referred to Judge Mitchell pursuant to the initial case referrals.

IT IS SO ORDERED this 9th day of October, 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE