UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROMAN VLADIMIROVICH SERPIK, | ) ) ) |
| Plaintiff, | ) ) Case No. CIV-23-1093-R |
| v. | ) ) ) |
| JILL C. WEEDON, et al., | ) ) ) |
| Defendants. | ) |

# ORDER

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 45] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Mitchell recommends partial dismissal of Plaintiff's Second Amended Complaint [Doc. No. 44] upon screening.

Plaintiff's Second Amended Complaint asserts various federal and state law claims against 25 defendants. The claims all arise from Plaintiff's arrest on January 19, 2023 and subsequent prosecution in state court for obstructing a police officer and failing to stop at a red light. Defendants include state and federal judges, prosecutors, law enforcement agents, governmental entities, and others, and they are all sued in their individual and official capacity. Judge Mitchell recommends the following claims included in the Second Amended Complaint be dismissed with prejudice:

- all claims based on the Fifth Amendment (Counts I, II, X, XXIII);
- all claims remaining seeking money damages against Defendants Dishman, Weedon, Roper, Marsee, Webb, Norwood, and Lawson;

1

- all claims under 42 U.S.C. § 1983 seeking money damages from Defendants in their official capacities;

- all claims arising from 18 U.S.C. §§ 241, 242, 1001, 1201, 1341, 1343, 1348 and 28 U.S.C. §§ 2283, 2284 (Counts VIII, XVII, XIX, XXI, XXII, XXIV); and

- all ADA claims against Defendants in their individual capacities (Counts XIV-XVI).

Judge Mitchell additionally recommends that the following claims be dismissed without prejudice:

- all claims arising from Plaintiff's arrest and criminal proceedings, in their entirety (Counts I-III, IVB-VII, X-XIV, XVII-XXIV);

- all claims under the Truth in Lending Act and Okla. Stat. tit. 15, § 233(1), Okla. Stat. tit. 71, § 642 (Count XX);

- all claims under RICO (Counts VI, VII);

- all claims under 42 U.S.C. §§ 1985, 1986 (Counts X, XII);

- all claims under 42 U.S.C. § 1983 against Defendants Artus and Karnowski (Counts II, IX);

- all claims under 42 U.S.C. § 1983 against Defendants Stitt, Drummond, and Cockroft (Counts II, XII);

- all Eighth Amendment excessive force claims against Defendants Roper, Marsee, Webb, Manning, Miller, Murphy, and Beckham County Commissioners (Count IVA);

- all ADA claims against Defendants Vaughan, Gossen, Murphy, Miller, Pearson, Scott, Manning, Woolsey, V. Haro, and Beckham County Commissioners (Count XIV-XVI); and

- all requests for injunctive relief related to mistreatment and conditions of confinement in Beckham County Jail, and requests that the Court enter mandamus relief against state officials.

Plaintiff filed a timely Objection [Doc. No. 46] to Judge Mitchell's Report which requires this Court to make a de novo determination of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

Plaintiff's Objection takes issue with virtually every part of the Report but presents no persuasive argument or authority that would cause this Court to reject Judge Mitchell's recommendations. Plaintiff's arguments are either nonsensical or otherwise without legal merit. Additionally, the Court notes that several of Plaintiff's claims and arguments are premised on sovereign citizen type theories.[1] These types of arguments are "plainly frivolous" and "should be rejected summarily." *United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017) (quotation omitted). Having conducted a de novo review of all the relevant filings, the Court fully concurs with Judge Mitchell's thorough analysis and conclusions.

The Court therefore ADOPTS the Report and Recommendation in its entirety. For the reasons stated therein, the various claims are dismissed as set out above. Defendants Beckham County Commissioners, Dishman, Weedon, Roper, Marsee, Webb, Lawson, Norwood, Stitt, Drummond, Cockroft, Simmons, Howell, Miller, and Artus, in their official and individual capacities, are dismissed. The following claims remain: 42 U.S.C. § 1983

---

[1] See, for example, Plaintiff's argument that his arrest and prosecution were unlawful because the state court failed to recognize that he was not "'driving' in a 'motor vehicle'" when he was arrested but instead "exercising his constitutional right to travel freely" or his argument that the state court prosecution was without jurisdiction because the charges were filed using the wrong name.

claim based on First Amendment violations of Plaintiff's right of access to the courts (Count II) against Defendants V. Haro, M. Haro, Manning, and Pearson; § 1983 claim based on excessive force in violation of the Eighth Amendment and state-law claims for assault and battery (Count IVA) against Defendants Vaughan, Gossen, M. Haro, Woolsey, Pearson, and Scott; state-law claim for defamation (Count IX) against Defendant Karnowski; and, § 1983 claims based on inadequate medical care in violation of the Eighth Amendment (Counts XV, XVI) against Defendant Murphy. This action remains referred pursuant to the original case referral.

IT IS SO ORDERED this 27th day of May, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE