UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROMAN VLADIMIROVICH SERPIK, | ) ) ) |
| Plaintiff, | ) ) Case No. CIV-23-1093-R ) |
| v. | ) ) |
| V. HARO, et al., | ) ) ) |
| Defendants. | ) |

# ORDER

Plaintiff initiated this action asserting that numerous defendants violated his rights under federal and state law. The claims all stem from Plaintiff's arrest, incarceration, and prosecution in state court. The case was referred to United State Magistrate Judge Suzanne Mitchell in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).

Judge Mitchell recently denied [Doc. No. 53] Plaintiff's fourth motion for leave to amend his complaint [Doc. Nos. 51, 52], noting that his proposed pleading rehashes claims that have already been dismissed and there is no indication that permitting another opportunity to amend would cure the pleading deficiencies. Plaintiff then filed a "response to order" [Doc. No. 54] which Judge Mitchell construed as a motion to reconsider and denied [Doc. No. 55].

Now before the Court is "Plaintiff's Objection [Doc. No. 53 & 55] to Magistrate Judge's Order Under Rule 72(a)" [Doc. No. 56]. The Objection requests that Judge Mitchell's orders denying him leave to amend be overruled and he be permitted to file his "corrected amended complaint."

1

Where a party objects to a magistrate judge's ruling on a non-dispositive pretrial matter, the Court's review is limited to determining whether the order "is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also Franke v. ARUP Lab'ys, Inc.*, 390 F. App'x 822, 828 (10th Cir. 2010) (explaining that a "motion to amend was a nondispositive pretrial matter that the magistrate judge was authorized to decide pursuant to 28 U.S.C. § 636(b)(1)(A)").[1] Plaintiff's proposed amended complaint continues to contain many of the same deficiencies that were addressed in prior orders, including frivolous sovereign citizen theories, claims against immune defendants, and claims premised on federal criminal statutes. Given that Plaintiff has failed to cure deficiencies after multiple opportunities to amend, Judge Mitchell's decision to deny him yet another opportunity to amend is not clearly erroneous or contrary to law.[2] *See Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (holding that "failure to cure deficiencies by amendments previously allowed" justifies refusing leave to amend).

Plaintiff's objection also asserts that Judge Mitchell and the undersigned are named as defendants in "a related civil RICO complaint" and he therefore requests that this case

---

[1] Plaintiff concedes that Fed. R. Civ. P. 72(a) applies but the Court would reach the same conclusion even under a de novo standard of review.

[2] Plaintiff suggests that he should be permitted to amend because the underlying state court proceedings have concluded and therefore the Court's previous finding that certain claims were barred by the *Younger* abstention doctrine no longer applies. However, as Judge Mitchell explained in her Report and Recommendation of January 15, 2025 [Doc. No. 45], these claims are still subject to dismissal because a resolution in Plaintiff's favor "would necessarily imply the invalidity of his conviction . . . ." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

be reassigned to a different magistrate judge. The Court is not exactly sure what "related civil RICO complaint" Plaintiff is referring to. Suffice it to say, Plaintiff has not identified any "reasonable factual basis" that would warrant referring this action to another magistrate judge. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). However, because Plaintiff attempted to name the undersigned as a defendant in the proposed amended complaint that was the subject of Judge Mitchell's order denying Plaintiff leave to amend, the undersigned is obligated to consider whether recusal is required.

Under 28 U.S.C. § 455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[3] In applying this provision, "[t]he test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). "However, the statutory guidance for recusal must also be read in light of the judges' 'duty to sit' on cases filed with the court." *Switzer v. Berry*, 198 F.3d 1255, 1257 (10th Cir. 2000). Indeed, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman*, 831 F.2d at 939 (10th Cir. 1987). Consistent with the principle, the Tenth Circuit has long

---

[3] Plaintiff does not invoke 28 U.S.C. § 144 and, in any event, has not provided a timely and sufficient affidavit as required by that statute. *See United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) ("Under § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial."); *Hinman*, 831 F.2d at 939 (finding that affidavits were legally insufficient under § 144 because "[t]here is no indication…that the judge had formed an opinion on the merits on some basis other than what he had learned from his participation in the case"); *Hall v. Burkett*, 391 F. Supp. 237, 242 (W.D. Okla. 1975) ("An affidavit of bias and prejudice is insufficient if based on prior adverse judicial rulings or conclusions, opinions, and subjective findings.").

recognized that § 455 "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley,* 1 F.3d at 993. A judge should therefore "not recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman,* 831 F.2d at 939. Adverse rulings and "baseless personal attacks on or suits against the judge by a party" also fail to "satisfy the requirements for disqualification under § 455(a)." *Cooley*, 1 F.3d at 993-94; *see also United States v. Grismore,* 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him."); *United States v. Greenspan*, 26 F.3d 1001, 1006 (10th Cir. 1994) ("Had there been any reason to believe that threats were made only in an attempt to obtain a different judge, to delay the proceedings, to harass, or for other vexatious or frivolous purpose, recusal would not have been warranted….").

Although a litigant cannot manufacture a basis for disqualification by suing the judge in another matter, 28 U.S.C. § 455(b)(5)(i) mandates recusal if the judge "[i]s a party to the proceeding." The Tenth Circuit has interpreted this provision as "impos[ing] an absolute rule requiring recusal unless 'the case cannot be heard otherwise.'" *Akers v. Weinshienk*, 350 F. App'x 292, 294 (10th Cir. 2009) (quoting *United States v. Will*, 449 U.S. 200, 213 (1980)); *see also Young v. United States,* 316 F. App'x 764, 772 (10th Cir. 2009).

The Court is fully mindful of this rule but concludes that under the circumstances of this case, recusal is not warranted because the undersigned is not actually named as a defendant in this proceeding. Plaintiff did not name the undersigned as a defendant in his original Complaint or his subsequent Amended Complaint and, as noted above, his request to file another amended pleading (which attempted to add the undersigned as a defendant)

4

was denied by Judge Mitchell. "Thus, at the time this matter was assigned, the undersigned judge was not a party" and the undersigned is still not a party to this action. *Kinnell v. Vratil*, No. 09-3057-RDR, 2009 WL 1360103, at *1 (D. Kan. May 14, 2009) (declining to recuse where assigned judge was named as a defendant in an amended pleading).

Moreover, Plaintiff has established a pattern of suing the various judges assigned to his case (as well as attorneys representing opposing parties) and/or seeking their recusal after receiving an unfavorable judicial ruling. For example, Plaintiff has repeatedly sued, including in this action, the state court judges involved in his state court prosecution. He also separately sued the state court judge that issued the bench warrant for Plaintiff after he failed to appear at a hearing related to his misdemeanor prosecution. *See State of Oklahoma v. Serpik,* CM-2023-31 (Beckham County, Okla.); *Serpik v. Hays*, CIV-23-281-JD (W.D. Okla.). In the proposed amended complaint filed in this case, Plaintiff names as defendants all the judges of the Oklahoma Court of Criminal Appeals, who had recently denied his requests for relief in several cases. *See Serpik v. Dirickson*, PR-2025-341 (Okla. Ct. Crim. App. May 23, 2025). Further, in several other cases, Plaintiff filed a motion for recusal after receiving an unfavorable outcome. *See, e.g.*, *Bell Finance v. Serpik*, SC-2023-240 (Custer Co. Okla. Oct. 18, 2023); *Serpik v. Haro, et al.,* CS-2024-145 (Beckham Co. Okla. Ja. 7, 2025); *Serpik v. Webb, et al.*, CIV-25-02-R (W.D. Okla. Feb. 19, 2025). Plaintiff also named a judge in this district as a defendant in this action after she dismissed Plaintiff's previously filed lawsuit. *See Serpik v. Weedon,* No. CIV-23-00988-JD (W.D. Okla.).

As is evident from the above, Plaintiff's attempt to add the undersigned as a defendant in this action is yet another attempt to baselessly force the recusal of a judge

5

after receiving an adverse decision. If Plaintiff's case is reassigned every time he files a frivolous legal action against the assigned judge, the action will never be brought to a close. And under these circumstances, recusal is not mandated by § 455(b)(5)(i). *See Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) (holding that "under our duty to sit and the rule of necessity, a lawsuit brought indiscriminately against all the active and senior judges on the Tenth Circuit Court of Appeals does not operate automatically to render the court unable to hear and decide an appeal brought by the plaintiff/petitioner"); *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), aff'd, 894 F.2d 1338 (7th Cir. 1990) ("The Court will not allow plaintiffs to impede the administration of justice by suing every district court judge in the Northern District of Illinois until their case is transferred out of the Seventh Circuit.") (cited with approval in *Switzer*, 198 F.3d at 1258); *Arunachalam v. Pazuniak*, No. CV 15-259-RGA, 2016 WL 7042113, at *1 (D. Del. Sept. 15, 2016) ("Our system is not so feeble that a litigant who wants a change in the presiding judge, and has no legitimate basis for seeking recusal, can file meritless recusal motions, and, when the motions are denied, file a baseless lawsuit against the judge and force the recusal of the judge.").

Accordingly, as set out above, Plaintiff's Objection is denied.

IT IS SO ORDERED this 22nd day of August, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE